UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ALTIUS WILLIX,

       Petitioner,                                Hon. Janet T. Neff

v.                                                   Case No. 1:11-CV-894

ERIC HOLDER, JR., et al.,

       Respondents.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Respondents' Unopposed Motion to Dismiss. (Dkt. #4). In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of petitions for writ of habeas corpus, the undersigned recommends that Respondents' motion be granted.


**BACKGROUND**

Petitioner initiated this action on August 23, 2011, seeking "a writ of habeas corpus to remedy Petitioner's unlawful detention by Respondents." (Dkt. #1). The following allegations are contained in Willix's petition. Petitioner is a native and citizen of Saint Lucia. On July 22, 1999, an Immigration Judge ordered that Petitioner be removed from the United States. Petitioner did not appeal this order. Petitioner was taken into custody by ICE officials on May 20, 2010. Petitioner's subsequent requests for asylum were denied. The United States was unable to remove Petitioner to Saint Lucia because Saint Lucia does not recognize Petitioner as a citizen of its country.

Because the United States was unable to remove him within a reasonable amount of time, Petitioner initiated the present action seeking the issuance of a writ of habeas corpus ordering that he be immediately released from custody. Respondent now moves to dismiss Willix's petition on the ground that such has been rendered moot by subsequent events.

## **ANALYSIS**

On September 30, 2011, the United States Immigration and Customs Enforcement (ICE) executed a Release Notification informing Petitioner that ICE "has concluded that you may be released from ICE custody pending your removal from the United States." (Dkt. #4, Exhibit 1). Petitioner was informed that his release "will be subject to certain written conditions." *Id.* Petitioner was released from custody on or about October 3, 2011, pursuant to an Order of Supervision. (Dkt. #4, Exhibit 2). This documentation indicates that Petitioner relocated to Winter Haven, Florida upon his release. *Id.*

When Petitioner initiated this action he was being held at the Calhoun County Correctional Center. Petitioner has failed to notify the Court of his current address. On October 24, 2011, the Court mailed to Petitioner, at his previous address at the Calhoun County Correctional Center, a copy of an Order denying his August 23, 2011 motion for appointment of counsel. Four days later, this mail was returned to the Court marked "inmate transferred/discharged." The Court remailed the Order in question to Plaintiff's Winter Haven address. While Petitioner has failed to notify this Court of his current address, Respondents served a copy of the present motion on

2

Petitioner at his Winter Haven, Florida residence.[1]  (Dkt. #4).

Federal courts "have no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue."  *Campbell v. PMI Food Equipment Group, Inc.*, 509 F.3d 776, 781 (6th Cir. 2007).  A case becomes moot "when the issues presented are no longer live or the parties lack a cognizable interest in the outcome."  *Cooey v. Strickland*, 588 F.3d 924, 926 (6th Cir. 2009).  In his petition for writ of habeas corpus, Willix is not challenging the order requiring that he be removed from the United States.  Rather, Petitioner simply requested that "ICE release me under an order of supervision" pending his removal from the United States. Because Petitioner has obtained the relief requested in his petition, the undersigned recommends that Willix's petition be dismissed as moot.

As noted above, Petitioner was released from custody more than four months ago, but has failed to inform the Court of his current address.  Accordingly, the undersigned recommends, in the alternative, that Willix's action be dismissed for failure to prosecute.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962).  This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30.  Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein.  *See* Fed. R. Civ. P.

---

[1] While Petitioner has not responded to Respondents' motion, Respondents assert that their counsel spoke with Willix concerning the present motion and that Willix "stated that he supported Respondents' motion."  (Dkt. #4 at 1 n. 1). Respondents have also submitted a letter purportedly authored by Richard Kent, an attorney who asserts that he represents Petitioner in the "underlying immigration case."  (Dkt. #4, Exhibit 3).  According to this document, Petitioner spoke with Kent regarding the present motion to dismiss and "authorized [Kent] to restate that he joins in [the] motion to dismiss his Habeas Corpus case. . .on mootness grounds."

3

41(b). While Rule 41(b) does not expressly provide for the sua sponte dismissal of an action for failure to prosecute, the Supreme Court has held that absent express language in Rule 41 precluding such, federal courts possess the inherent authority to sua sponte dismiss an action for failure to prosecute. *See Link*, 370 U.S. at 629-32; *see also*, *Alexander v. Bureau of Prisons*, 2011 WL 2116448 at *2 (N.D. Ohio, Apr. 28, 2011).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the Court to recommend that Willix's petition be dismissed for failure to prosecute. Willix has failed to respond to Respondents' motion to dismiss or otherwise participate in this matter for almost four months. Such conduct is certainly willful. Moreover, Respondents' ability to defend themselves in this matter is prejudiced by Petitioner's failure to participate or inform the Court of his current address. While Petitioner has not previously been warned by the Court that dismissal of this matter might result from his refusal to participate, this Report and Recommendation will serve as such a warning and affords Petitioner an opportunity to counter the recommendation that dismissal is appropriate.

In sum, Petitioner has failed to notify the Court of his current address and has not participated in this matter in any way for several months. Under these circumstances, the undersigned recommends, in the alternative, that Willix's petition be dismissed with prejudice for

failure to prosecute.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Respondents' Unopposed Motion to Dismiss, (dkt. #4), be granted. The undersigned recommends, in the alternative, that the present action be dismissed with prejudice for failure to prosecute.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date:  January 24, 2012                    /s/ Ellen S. Carmody
                                           ELLEN S. CARMODY
                                           United States Magistrate Judge